UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| Z.H., by next friend Tianna Perry, C.H., by next friend Tianna Perry, D.H., by next friend Patrice Robinson, K.H., by next friend Kimberly Spivey, and S.H., by next friend Doris Toney,<br>   *Plaintiffs,*<br>vs.<br><br>THE CITY OF CHATTANOOGA, TENNESSEE, and CELTAIN BATTERSON,<br>   *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:24-cv-00269-CEA-CHS<br><br>JURY DEMAND |

## DEFENDANT CELTAIN BATTERSON'S ANSWER TO COMPLAINT

Comes now, the Defendant Celtain Batterson (hereinafter referred to as "Batterson"), by and through undersigned counsel and hereby files this Answer to Plaintiff's Complaint. Batterson would state that the Plaintiffs' recitation of events in the first four unnumbered paragraphs are not properly plead and are denied in their entirety as stated.

It is admitted that Plaintiffs' Complaint is brought on behalf of five minor children who are alleged to be the children of Roger Heard (hereinafter "Heard"), which is unknown at this time. It is denied that Batterson violated Heard's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

All other allegations recited in the first four unnumbered paragraphs that are not specifically admitted are hereby denied, and strict proof is demanded herein.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

For answer to the specific allegations of Plaintiff's Complaint, Defendant Batterson states as

follows:

## Parties, Jurisdiction, and Venue

1. Batterson is without sufficient information to admit or deny the allegations contained in Paragraph 1. It is unknown as to his children or his marital status. Strict proof is herein demanded.

2. Batterson is without sufficient information to admit or deny the allegations contained in Paragraph 2 and as such, strict proof of any statutory right to pursue this action on Z.H.'s behalf by Tianna Perry is herein demanded.

3. Batterson is without sufficient information to admit or deny the allegations contained in Paragraph 3 and as such, strict proof of any statutory right to pursue this action on C.H.'s behalf by Tianna Perry is herein demanded.

4. Batterson is without sufficient information to admit or deny the allegations contained in Paragraph 4 and as such, strict proof of any statutory right to pursue this action on D.H.'s behalf by Patrice Robinson is herein demanded.

5. Batterson is without sufficient information to admit or deny the allegations contained in Paragraph 5 and as such, strict proof of any statutory right to pursue this action on K.H.'s behalf by Kimberly Spivey is herein demanded.

6. Batterson is without sufficient information to admit or deny the allegations contained in Paragraph 6 and as such, strict proof of any statutory right to pursue this action on S.H.'s behalf by Doris Toney is herein demanded.

7. The allegations in Paragraph 7 are denied as to any acts or omissions by Batterson as to the cause of Mr. Heard's pain and suffering. All other allegations are denied.

8. Admitted.

9. Admitted.

10. Batterson is without sufficient information to admit or deny that all parties are subject

to the jurisdiction of this Court.

11. Batterson admits that venue is proper as alleged in Paragraph 11 of the Complaint; however, to the extent that Paragraph 11 implies any wrongdoing on behalf of Batterson, the same is denied, and strict proof is demanded herein.

12. Batterson is without sufficient information or knowledge to admit or deny the allegations in Paragraph 12.

**Facts**

13. Admitted.

14. Admitted.

15. It is admitted that Heard had felony federal warrants out of Knoxville, Tennessee for his arrest. All other inferences and allegations in Paragraph 15 are denied.

16. The allegations in Paragraph 16 are admitted in part and denied in part. It is admitted that Batterson was the lead detective assigned to the crime reduction initiative known as Operation Street Sweeper on August 11, 2023 and gave the briefing on the same date. It is denied that Batterson was "in charge" of the operation.

17. Admitted as to the extent that Batterson received information that Heard was at the Speedway gas station in Chattanooga.

18. Admitted.

19. Batterson admits that multiple officers were in marked and unmarked cars. Batterson is without sufficient information and knowledge to admit or deny whether they were "nearby" based on the Plaintiffs' definition of "nearby" nor whether they had responded "quickly" based on the Plaintiffs' definition of "quickly," therefore, the allegations are denied.

20. Admitted.

21. It is admitted that Batterson and his partner conducted the stop in in the gas station

parking lot. All other allegations and inferences contained in Paragraph 21 are denied.

22. It is admitted that Batterson's partner, who was driving the vehicle, pulled nose-to-nose with Heard's vehicle. It is admitted that Batterson exited his vehicle and walked up to Heard's door with his gun drawn.

23. It is admitted that Batterson was in undercover attire, as is customary and within policy for this type of operation. Batterson had a visible badge on the front of his right thigh. All other allegations and inferences in Paragraph 23 are denied.

24. It is admitted that Batterson was wearing jeans and a red t-shirt, along with his badge on a visible holster. All other inferences and allegations contained in Paragraph 24 are denied.

25. Batterson denies the allegations in Paragraph 25.

26. Batterson denies the allegations contained in Paragraph 26 and would further show that he was wearing his badge on his drop-down holster which was not obstructed from view.

27. Batterson denies the allegations contained in Paragraph 27 and would further show that he was wearing his badge on his drop-down holster which was not obstructed from view.

28. It is admitted that Batterson exited his vehicle and walked up to Heard's door with his gun drawn. All other inferences and allegations contained in Paragraph 28 are denied.

29. The allegations in Paragraph 29 are denied, and strict proof is demanded therein.

30. The allegations in Paragraph 30 are denied, and strict proof is demanded therein.

31. Batterson is without sufficient knowledge to admit or deny the allegations contained in Paragraph 31, therefore they are denied.

32. The allegations in Paragraph 32 are denied, and strict proof is demanded therein.

33. Batterson is without sufficient information or knowledge to admit or deny how the deceased "perceived" him. It is admitted that Heard shot Batterson (twice), hitting him in the arm. It is denied that Heard "fled away from Batterson." Video surveillance clearly shows Heard chasing

4

Case 1:24-cv-00269-CEA-CHS    Document 22    Filed 09/10/24    Page 4 of 19    PageID #: 95

Batterson through the parking lot of the gas station. All other allegations in Paragraph 33 are denied.

34. Batterson is without sufficient information to admit or deny the allegations contained in Paragraph 34 due to the vague reference to "another officer." It is admitted that other officers arrived on scene and engaged in gun fire with Heard, who continued to pose a deadly threat. All other inferences and allegations contained in Paragraph 34 are denied.

35. Batterson is without sufficient information to admit or deny the allegations contained in Paragraph 35 due to the vague reference to "the other officer." It is admitted that, at some point, Heard fell to the ground. All other allegations and inferences contained in Paragraph 35 are denied.

36. It is admitted that when Heard fell on the ground, the firearm also landed on the ground near him.

37. Batterson admits that Heard was on the ground following multiple shots. It is strictly denied that that Heard surrendered. Body cam audio and video are available depicting Heard falling down, and Batterson denies any allegation that is in conflict with the video and audio available, and strict proof is herein demanded. All other allegations and inferences contained in Paragraph 37 are denied.

38. It is admitted that Batterson fired his weapon multiple times at Heard. It is strictly denied that Batterson, at any point, "stood over" Heard. All remaining allegations are denied, and strict proof is demanded herein.

39. Batterson is without sufficient knowledge to admit or deny which shot, from any officer, killed Heard, therefore the allegations are denied, and strict proof is demanded herein.

40. Batterson submits that the body camera and tower camera speak for themselves. Batterson denies any allegations that conflict with the events depicted on said video and audio available. Batterson strictly denies any characterization that he was "executing" Heard as set forth in Paragraph 40, and strict proof is herein demanded. Batterson would also state that Paragraph 40 of the Complaint

<mark>5</mark>

purports to submit pictures from a body cam. It is admitted that certain officers had body cameras activated; however, these pictures are blurry and Batterson does not have sufficient information to adequately authenticate the attached photos and as such, the same is denied and strict proof is further demanded. Batterson also submits that the video footage does not capture the events from his perspective.

41. Batterson submits that the body cam and tower camera speak for themselves. Batterson denies any allegations that conflict with the events depicted on said video and audio available. Batterson would also state that Paragraph 41 of the Complaint purports to submit pictures from a body cam. It is admitted that certain officers had body cameras activated; however, these pictures are blurry and Batterson does not have sufficient information to adequately authenticate the attached photos and as such, the same is denied and strict proof is further demanded. Batterson also submits that the video footage does not capture the events from his perspective.

42. Batterson denies the allegations contained in Paragraph 42, and strict proof is demanded herein.

43. Denied.

44. The allegations contained within Paragraph 44 are denied, and strict proof is demanded herein.

45. It is admitted the Batterson was not wearing body armor. Batterson is without sufficient information or knowledge to know what the CPD IA Investigation "found," therefore, the allegations are denied. The remaining allegations contained within Paragraph 45 are denied, and strict proof is demanded herein.

46. Batterson admits that Mr. Heard was one of multiple individuals with active warrants that were discussed in the briefing. The remaining allegations are strictly denied, and strict proof is demanded herein.

47. Batterson is without sufficient information or knowledge to admit or deny the allegations or inferences in Paragraph 47, therefore, they are denied.

48. It is admitted to the extent that Batterson's resignation was effective May 1, 2024. All other inferences and allegations in Paragraph 48 are denied.

**Batterson's Other Internal Affairs Investigations**

49. The allegations in Paragraph 49 are denied as stated. It is admitted that Chattanooga Police Department's Internal Affairs division has investigated Batterson on multiple occasions.

2015 Aggressive Pursuit and Dishonesty

50. It is admitted that Officer Batterson was suspended for 16 hours unpaid leave time in 2015 for a violation of a Chattanooga Police Department Policy regarding a police pursuit. It is denied that Officer Batterson was charged with dishonesty, and strict proof is demanded therein. All other allegations and inferences are denied.

51. It is admitted that this internal affairs investigation involved a pursuit. Batterson is without sufficient information and belief to admit or deny the remaining allegations contained in Paragraph 51. Batterson does not have access to his internal affairs file from 2015 and, therefore, cannot recall specific facts from approximately nine (9) years ago.

52. Batterson is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 52. Batterson does not have access to his internal affairs file from 2015 and therefore, cannot recall specific quotations from approximately nine (9) years ago.

53. Batterson is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 53.

54. Batterson is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 54, especially specific allegations about an internal affairs investigation to which he does not have access from approximately nine (9) years ago.

55. Admitted.

### 2017 Reprimand

56. Batterson is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 56.

### 2019 Suspension – Second Pursuit Violation

57. It is admitted that Batterson was suspended for 70 hours. It is denied that it was in September 2019.

58. Batterson is without sufficient knowledge to admit or deny the allegations contained in Paragraph 58.

59. Admitted.

60. It is admitted that Batterson received a 70-hour suspension for pursuit violation and misrepresentation. All other allegations and inferences are denied.

### 2019 Discourtesy

61. Admitted.

### 2023 Insubordination and Unsatisfactory Performance

62. It is admitted that Batterson was placed on administrative leave, along with other officers, following the August 11, 2023 officer involved shooting (in compliance with Chattanooga Police Department Policies and Procedures). All other allegations in Paragraph 62 are denied.

63. It is admitted that Batterson was placed on administrative leave, however it is denied that it was on August 12, 2023. Batterson was placed on administrative leave on August 11, 2023, while at the hospital after having been shot by Heard.

64. It is admitted that Batterson completed two (2) reports while on administrative leave. It is denied that he "inserted" himself into police investigations. All other allegations are denied.

65. It is admitted that Batterson resigned on May 1, 2024. All other allegations and

inferences contained in Paragraph 65 are denied.

### 2024 Felony Aggravated Assault (and Influencing a Witness)

66. It is admitted that in February 2024, Batterson had an open Internal Affair Investigations involving the officer involved shooting of Roger Heard, as is customary for any officer involved shooting, and Insubordination.. To the extent Plaintiff's averments are inconsistent or misstate the Internal Affairs Investigative file, findings, or the investigations were not complete, the allegations and averments are denied. Further, the allegations averred by Plaintiff occurred on or about February 10, 2024, at Erlanger Hospital, which is subsequent to the incident at issue in the instant Complaint involving Heard, and are denied.

67. Admitted.

68. It is admitted that Batterson was off-duty and not on official business, but was wearing work clothes, including his badge and gun. All other remaining allegations contained in Paragraph 68 are denied.

69. Admitted.

70. The allegations contained in Paragraph 70 are admitted in part and denied in part. It is admitted that Batterson drive-stun tased the HCSO deputy. It is denied that this took place without her consent. Further, the allegations averred by Plaintiff occurred on or about February 10, 2024, at Erlanger Hospital, which is subsequent to the incident at issue in the instant Complaint involving Heard. All other allegations and inferences are denied.

71. Batterson is without sufficient information to admit or deny the allegations contained in Paragraph 71.

72. It is admitted that Batterson called the HCSO Deputy on February 15, 2024. All other allegations and inferences contained in Paragraph 72 are denied

73. Denied.

74. Denied.

75. Denied.

76. Admitted.

77. Denied. Further, the allegations averred by Plaintiff occurred on or about February 10, 2024, at Erlanger Hospital, which is subsequent to the incident at issue in the instant Complaint involving Heard.

78. Admitted. Further, the allegations averred by Plaintiff occurred on or about February 10, 2024, at Erlanger Hospital, which is subsequent to the incident at issue in the instant Complaint involving Heard.

79. Denied.

80. Admitted as to the phone call to the Deputy. However, Batterson denies any characterization of a "felony aggravated assault."

81. The allegations as contained in Paragraph 81 are denied as stated.

82. Admitted.

83. Batterson is without sufficient information to admit or deny the allegations contained in Paragraph 83.

84. Batterson is without sufficient information to admit or deny the allegations continued in Paragraph 84.

85. Batterson is without sufficient information to admit or deny the wishes of the HCSO deputy. All other allegations or inferences contained in Paragraph 85 are denied.

86. It is admitted that Batterson resigned on May 1, 2024. Batterson is without sufficient knowledge to admit or deny if the Internal Affairs Investigation ever reached a final conclusion. Further, the allegations averred by Plaintiff occurred on or about February 10, 2024, at Erlanger Hospital, which is subsequent to the incident at issue in the instant Complaint involving Heard. All

## COUNT I
## Excessive Force

87. Batterson incorporates by reference his answers to paragraphs 1 through 86 of this Complaint as if fully stated herein.

88. The allegations in Paragraph 88 are denied, and strict proof is demanded herein.

89. The allegations in Paragraph 89 are admitted in part and denied in part. It is admitted that Heard was shot multiple times and fell down. It is admitted that at some point, Heard was no longer holding his gun. All other allegations are denied, and strict proof is demanded herein.

90. The allegations contained within Paragraph 90 are admitted in part and denied in part. It is admitted that when Heard was on the ground, he was no longer holding the gun that was on the ground. All other inferences and allegations contained in Paragraph 90 are denied.

91. It is admitted that Batterson fired his weapon multiple times at Heard, still perceiving a deadly threat. All remaining allegations are denied.

92. Batterson is without sufficient knowledge to admit or deny which shot killed Heard, therefore the allegations are denied, and strict proof is demanded herein.

93. Denied.

94. Admitted.

95. It is denied that Plaintiffs are entitled to recover damages under the Fourth and Fourteenth Amendments for violations of any constitutional rights of Heard. It is denied that Batterson violated Mr. Heard's constitutional rights. Strict proof is demanded herein.

## COUNT II
## Municipal Liability

96. Batterson incorporates by reference his answers to paragraphs 1 through 95 of this Complaint as if fully stated herein.

97. The allegations in Paragraph 97 are not directed at Batterson, and therefore no response is required. To the extent there are allegations of wrongdoing against Batterson alleged, the allegations are denied.

98. The allegations in Paragraph 98 are not directed at Batterson, and therefore no response is required. To the extent there are allegations of wrongdoing against Batterson alleged, the allegations are denied.

99. The allegations in Paragraph 99 are not directed at Batterson, and therefore no response is required. To the extent there are allegations of wrongdoing against Batterson alleged, the allegations are denied.

100. Batterson denies any wrongdoing as outlined in Paragraph 100 and denies that any internal affairs history should bar him from his role as an investigator. All remaining allegations contained in Paragraph 100 are denied.

101. Batterson denies the allegations contained in Paragraph 101 as stated.

102. Batterson denies the allegations contained in Paragraph 102 as stated.

103. Denied.

104. Batterson denies any violations of constitutional rights occurred and further denies that the Plaintiffs are entitled to damages. All other allegations and inferences contained in Paragraph 103 are denied.

## COUNT III
### State Law – Reckless Misconduct

105. Batterson incorporates by reference his answers to Paragraphs 1 through 104 of this Complaint as if fully stated herein.

106. Denied

107. The allegations in Paragraph 107 are admitted in part and denied in part. It is admitted that Batterson was riding in Officer Ayres' unmarked patrol car. It is admitted that Officer Ayres drove

slowly in front of Heard's car to keep Heard from leaving the Speedway parking lot. All other allegations are denied, and strict proof is demanded herein.

108. It is admitted that Batterson exited the unmarked police vehicle with his weapon drawn as he approached Heard's vehicle. All other allegations and inferences contained in Paragraph 108 are denied.

109. It is admitted that Batterson was wearing jeans and a red t-shirt, along with his badge on a visible holster. All other allegations and inferences contained in Paragraph 109 are denied.

110. It is admitted that Batterson was wearing a badge on his drop-down holster. It is denied that his badge was not visible. All other allegations and inferences contained in Paragraph 110 are denied.

111. Denied.

112. Batterson is without sufficient knowledge to admit or deny the allegations contained in Paragraph 112, therefore they are denied.

113. Paragraph 113 contains a legal conclusion and as such, no response is required. All allegations and inferences of wrongdoing against Batterson contained in Paragraph 113 are denied.

114. Paragraph 114 contains a legal conclusion and as such, no response is required. To the extent a response is required, all allegations of wrongdoing against Batterson contained in Paragraph 114 are denied.

115. Denied. Heard's own actions are the proximate cause of his death. All other allegations or inferences in Paragraph 115 are denied.

116. Paragraph 116 contains a legal conclusion and as such, no response is required. To the extent a response is required, the allegations are denied.

117. Denied.

118. The allegations contained within Paragraph 118 are admitted in part and denied in part.

It is admitted that Batterson fired his weapon multiple times at Heard. All remaining allegations are denied, and strict proof is demanded herein.

119. Batterson is without sufficient knowledge to admit or deny which shot killed Heard, therefore the allegations are denied, and strict proof is demanded herein.

120. Denied.

121. Denied and strict proof is herein demanded.

122. Paragraph 122 contains a legal conclusion and as such, no response is required. To the extent a response is required, all allegations of misconduct against Batterson are denied

123. Admitted.

124. Batterson denies that the Plaintiffs are entitled to any damages under Tennessee law.

## COUNT IV
## State Law – Assault and Battery

125. Defendant Batterson incorporates by reference his answers to paragraphs 1 through 124 of this Complaint as if fully stated herein.

126. Denied.

127. The allegations contained within Paragraph 127 are admitted in part and denied in part. It is admitted that Batterson was riding in Officer Ayres' unmarked police vehicle and that Officer Ayres pulled slowly in front of Heard's vehicle. All other allegations and inferences are denied.

128. It is admitted that Batterson approached the driver's side front door of Heard's vehicle with his firearm drawn, however, the remainder of the allegations of Paragraph 128 are denied.

129. It is admitted that Batterson was wearing jeans and a red t-shirt, along with his badge on a visible holster. All remaining allegations and inferences contained in Paragraph 129 are denied.

130. The allegations in Paragraph 130 are admitted in part and denied in part. It is admitted that Batterson was wearing a badge on his drop-down holster. It is denied that his badge was not visible. All remaining allegations and inferences contained in Paragraph 130 are denied.

131. Defendant denies the allegations in paragraph 131 and strict proof is demanded therein.

132. Batterson is without sufficient knowledge to admit or deny the allegations contained in Paragraph 132, therefore they are denied.

133. Denied.

134. Denied. Heard's own actions are the proximate cause of his death.

135. Denied and strict proof is demanded therein.

136. The allegations contained within Paragraph 136 are admitted in part and denied in part. It is admitted that, at one point, Heard fell to the ground. All remaining allegations are denied, and strict proof is demanded herein.

137. It is admitted that Batterson fired his weapon multiple times at Heard. All remaining allegations are denied, and strict proof is demanded herein.

138. Defendant is without sufficient knowledge to admit or deny which shot killed Heard. All other inferences and allegations are denied, and strict proof is demanded herein.

139. Denied and strict proof is demanded therein.

140. Denied and strict proof is demanded therein.

141. Admitted.

142. Batterson denies that the Plaintiffs are entitled to damages under Tennessee law and further denies and wrongdoing.

144. The remaining paragraphs in Plaintiffs' complaint assert a prayer for relief and to the extent that they state any claims for damages against Defendant Batterson, such claims are denied in their entirety and strict proof is demanded thereof.

145. Any other allegations set forth in the Complaint not specifically addressed are denied, and strict proof is demanded thereof.

## THIRD DEFENSE

The Plaintiffs have not properly asserted either federal question or diversity jurisdiction pursuant to 28 U.S.C. §1331 and §1332.

## FOURTH DEFENSE

At all material times, Batterson was justified in his actions under Tennessee Law pursuant to the following:

A. T.C.A. §39-11-601 – Justification;

B. T.C.A. § 39-11-609 – Necessity;

C. T.C.A. § 39-11-610 – Public Duty;

D. T.C.A. § 39-11-611 – Self Defense;

E. T.C.A. § 39-11-612 – Defense of Another;

F. T.C.A. §39-11-620 – Deadly Force, Law Enforcement Officers;

G. T.C.A. § 39-11-622 – Use of Force, Civil Immunity;

## FIFTH DEFENSE

Batterson asserts any and all defenses and immunities as contained pursuant to T.C.A. §§ 29-20-101 *et seq.,* 29-20-111, and § 29-20-205.

## SIXTH DEFENSE

Batterson asserts that his actions did not constitute excessive and unreasonable force based upon the totality of circumstances and the deadly force used by Heard when he shot Batterson twice, hitting him in the arm, and at the time Batterson made the decision to use force. Batterson further submits that his decision to use force on Heard was justified, provoked, and proportionate with the injuries sustained, the risk of further injury to this officer and to others in close proximity. Batterson asserts his actions were within the constitutional limits of the Fourth and Fourteenth Amendments of the United States Constitution.

## SEVENTH DEFENSE

Batterson asserts that he is entitled to qualified immunity as a police officer of the City of Chattanooga as he was acting pursuant to a duty enacted by the laws of the City and the State of Tennessee.

## EIGHTH DEFENSE

Batterson is immune from liability pursuant to the Tennessee Governmental Tort Liability Act "TGTLA" (T.C.A. § 29-20-101 *et seq.*) for any negligent act or omission for which the immunity of the government entity is removed by the TGTLA.

## NINTH DEFENSE

Batterson denies that he violated Heard's constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1988 in any actions taken towards Heard

## TENTH DEFENSE

The sole proximate cause of the damages of which Plaintiff alleges is Heard's own overt actions by shooting Batterson twice, as well as his own negligence as he failed to exercise ordinary care for his own safety; consequently, none of the Plaintiffs may recover in this action because any negligent acts or omissions of this Defendant was not the proximate cause of Heard's injuries.

## ELEVENTH DEFENSE

Defendant Batterson reserves the right to assert any additional defense which its investigation or discovery reveals may apply in whole or in part to any of Plaintiff's claims.

## TWELFTH DEFENSE

Plaintiffs have not properly identified whether they are suing Batterson in his official capacity as a law enforcement officer with the Chattanooga Police Department or in his Individual Capacity pursuant to Rule 9 of the *Federal Rules of Civil Procedure.*

WHEREFORE, having fully answered, Defendant Batterson, prays that this cause filed against him be dismissed and that he be allowed to recover reasonable costs and attorneys' fees pursuant to 42 U.S.C. §1988; and T.C.A. § 29-20-113.

This the 10th of September, 2024.

    Respectfully Submitted,

    **DAVIS & HOSS, P.C.**

    s/ Janie Parks Varnell
    Janie Parks Varnell, BPR #031256
    Edith Logan Davis, BPR# 038138
    850 Fort Wood Street
    Chattanooga, TN 37403
    (423) 266-0605
    (423) 266-0687 – fax
    *Attorneys for Celtain Batterson*

18
Case 1:24-cv-00269-CEA-CHS   Document 22   Filed 09/10/24   Page 18 of 19   PageID #: 109

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

McCracken Poston
**Law Offices of McCracken Poston**
7713 Nashville Street
Ringgold, GA 30736
(706) 965-8300
postonlaw@gmail.com

Jonathan D. Grunberg
**Wade, Grunberg & Wilson, LLC**
600 Peachtree St. NE, Suite 3900
Atlanta, GA 30308
(404) 600-1153
jgrunberg@wewlawfirm.com

Mark Begnaud
Michael J. Eshman
**Eshman Begnaud, LLC**
315 W. Ponce De Leon Ave, Suite 775
Decatur, GA 30030
(404) 491-0170
meshman@eshmanbegnaud.com
mbegnaud@eshmanbegnaud.com

This the 10th day of September 2024.

/s/Janie Parks Varnell
JANIE PARKS VARNELL