IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TIANNA PERRY et al.

    Plaintiffs,

v.

CELTAIN BATTERSON et al.

    Defendants.

Civil Action File No. 1:24-cv-00269-CEA-CHS

## RULE 16 PLANNING REPORT

1. ***Introduction***: Pursuant to Federal Rule of Civil Procedure 16(c), a pretrial telephonic scheduling conference was held by counsel for all parties in this case on September 24, 2024. The parties have agreed upon the following matters for consideration by the Court in its pretrial order in this case.

2. ***Disclosure and Discovery***:

    (a) ***Initial Disclosures***: The parties will make all disclosures required by Rule 26(a)(1) on or before October 8, 2024.

    (b) ***Subjects of Discovery***: The parties at this time anticipate discovery will be needed generally on the subjects of liability and damages.

    (c) ***Discovery Period***: All discovery—including the taking of depositions, requests for admissions, and all discovery-related motion practice—shall be completed by May 27, 2025.

    (d) ***Dispositive Motions:*** Dispositive motions shall be filed on or before June 27, 2025.

    (e) ***Electronic Discovery:*** The parties do not anticipate any disputed issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced. If a dispute arises, it will be brought to the attention of the Court.

    (f) ***Privilege/Protection:*** It is anticipated that one or more parties will assert that some information may be privileged and/or confidential; however, the parties do not anticipate any irresolvable issues regarding claims of privilege and/or confidentiality. Should the parties agree on a procedure to assert claims of privilege or protection during discovery, the Court will be asked to include the parties'

agreement in an order. If the parties cannot agree on a procedure to assert claims of privilege and/or protection during discovery, they will request the Court to resolve any dispute related to privilege and/or protection.

(g) *__Discovery Limitations:__* The parties do not anticipate that any changes will be needed to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the local rules.

(h) *__Clawback Provision:__* In order to facilitate discovery, the parties agree to the following clawback provisions between themselves:

1) The parties will use their best efforts to avoid disclosing privileged and work-product protected information in this case. Nonetheless, because of the time constraints of discovery in this case and the volume of information to be reviewed by each party, the parties are concerned that they may disclose a privileged or work-product protected document without intending to waive privilege or protection.

2) When a lawyer receives a document that the receiving lawyer knows or reasonably should know is attorney-client privileged or work-product protected, the receiving lawyer:
   a) shall not read the document further than reasonably necessary to determine it is privileged or work-product protected and shall not disseminate the document (or information about its contents) to anyone other than a supervising lawyer and/or disinterested lawyer consulted to secure legal advice about the receiving lawyer's compliance with this rule; and
   b) shall promptly notify the sending lawyer; and
   c) shall retrieve and sequester the document (including duplicates and information about the document's contents); and
   d) other than as permitted in subsection (e), shall follow the sending lawyer's instructions regarding returning, deleting, or destroying the document (including duplicates) and deleting or destroying any information about the document's content.

3) A receiving lawyer is also required to follow the requirements of subsections (c)(iii)-(iv) if a sending attorney notifies the receiving lawyer that an identified document is privileged or work-product protected. The receiving lawyer shall not read the document or disseminate the document or information about its contents after receiving notice from sending counsel.

4) The receiving lawyer may maintain under seal a copy of the document that may be submitted to the court in which the matter is pending for a waiver ruling no later than thirty (30) days after receiving the sending lawyer's subsection (c)(iv) instructions. In any such proceeding, the receiving lawyer shall not refer to the contents of the document in any brief or in argument before the court. The receiving lawyer shall not retain any copy

of the sealed document in his or her files and shall destroy the sealed document if it is not submitted to the court within thirty (30) days.
5) If the receiving attorney asks the court to determine the disclosure results in waiver, the court will presume that disclosure did not waive the privilege or work-product protection unless the sending attorney expressed in writing the intent to waive the privilege or work-product protection with the disclosure. If the court finds no waiver, the receiving party will pay the sending party's attorney's fees and costs related to responding to the waiver motion.

3. *Consent to a Magistrate Judge*: The parties do not consent that all proceedings in this case may be conducted by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

4. *Settlement / Alternative Dispute Resolution*: The parties discussed the possibility of mediation at the telephone conference. The parties believe settlement to be unknown at present.

5. *Anticipated Length of Trial:* The parties believe that it is very early to anticipate the length of trial. The parties would roughly estimate the trial to take one to one-and-a-half weeks.

This 26th day of September, 2024

*/s/ Mark Begnaud*
Mark Begnaud
Georgia Bar No. 217641
mbegnaud@eshmanbegnaud.com
Michael J. Eshman
Georgia Bar No. 365497
meshman@eshmanbegnaud.com
Eshman Begnaud, LLC
315 W. Ponce De Leon Ave
Suite 775
Decatur, GA 30030

*/s/ Jonathan D. Grunberg*
Jonathan D. Grunberg
Georgia State Bar No. 869318
jgrunberg@wgwlawfirm.com
Wade, Grunberg & Wilson, LLC
600 Peachtree St. NE, Suite 3900
Atlanta, GA 30308
Telephone: (404) 600-1153
Facsimile: (404) 969-4333

*/s/Janie Parks Varnell*
Janie Parks Varnell
Tennessee Bar No. 031256
Logan Davis
Tennessee Bar No. 038138
Davis & Hoss, P.C.
850 Fort Wood Street
Chattanooga, TN 37403
(423) 266-0605
(423) 266-0687 – facsimile
janie@davis-hoss.com
logan@davis-hoss.com
*Attorneys for Celtain Batterson*

CITY OF CHATTANOOGA, TENNESSEE
OFFICE OF THE CITY ATTORNEY
/s/ Phillip A. Noblett
PHILLIP A. NOBLETT – BPR #10074
  *City Attorney*
KATHRYN C. McDONALD – BPR #30950
AZARIUS YANEZ – BPR #36266
CHRISTOPHER MCKNIGHT- BPR#34351

| | |
|---|---|
| McCracken Poston (BPR #020375) | *Assistant City Attorneys* |
| postonlaw@gmail.com | 100 East 11th Street, Suite 200 |
| Law Offices of McCracken Poston | Chattanooga, Tennessee 37402 |
| 7713 Nashville Street | 423 643-8250 - Telephone |
| Ringgold, Georgia 30736 | 423 643-8255 - Fax |
| Telephone: (423) 265-5888 | pnoblett@chattanooga.gov |
| Facsimile: (706) 965-5413 | kmcdonald@chattanooga.gov |
| 404-491-0170 | ayanez@chattanooga.gov |
| | cmcknight@chattanooga.gov |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant, City of Chattanooga* |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to counsel of record

This 26th Day of September, 2024.

/s/ Mark Begnaud
Mark Begnaud
Georgia Bar No. 217641
mbegnaud@eshmanbegnaud.com